UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

AMY MARIE ALEXANDER,

                Plaintiff,

v.                                                                   3:13-CV-1498 (GTS)

CAROLYN W. COLVIN, Comm'r of Soc. Sec.,

                Defendant.
_____

APPEARANCES:                                     OF COUNSEL:

LACHMAN & GORTON                        PETER A. GORTON, ESQ.
 Counsel for Plaintiff
1500 East Main St.
P.O. Box 89
Endicott, NY 13761-0089

U.S. SOCIAL SECURITY ADMIN.            KAREN T. CALLAHAN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
 Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

GLENN T. SUDDABY, United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this Social Security action filed by Amy Marie Alexander ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are the parties' cross-motions for judgment on the pleadings. (Dkt. Nos. 13, 15.) For the reasons set forth below, Plaintiff's motion is denied in part and granted in part and Defendant's motion is granted.

**I.      RELEVANT BACKGROUND**

**A.      Factual Background**

Plaintiff was born on September 26, 1973.  She completed a high school level of education and some college.  Plaintiff worked full time as a certified nurse's aide ("CNA").  Generally, Plaintiff's alleged disability consists of fibromyalgia, bi-polar disorder, anxiety disorder, mood disorder, and migraines.  Her alleged disability onset date is January 2, 2004, and her date last insured is June 20, 2008.

**B.      Procedural History**

On October 10, 2008, Plaintiff applied for Social Security Disability Insurance Benefits ("SSD") under Title XVI and Supplemental Security Income ("SSI") under Title II.  Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge ("the ALJ").  On June 9, 2010, Plaintiff appeared before the ALJ, Marie D. Greener. (T. 93-121.) The ALJ issued a written decision finding Plaintiff not disabled under the Social Security Act on August 6, 2010. (T. 130-137.)  On February 22, 2012, the Appeals Council granted Plaintiff's request for review, remanding her case. (T. 143-145.) On August 28, 2012, Plaintiff again appeared before ALJ Greener. (T. 39-92.) On October 4, 2012, the ALJ issued a written decision finding Plaintiff not disabled. (T. 9-38.) The Plaintiff again requested an Appeal Council review, which was denied on November 8, 2013. (T. 1-6.) Thereafter, Plaintiff timely sought judicial review in this Court.

## C. The ALJ's Decision

Generally, in her decision, the ALJ made the following five findings of fact and conclusions of law. (T. 12-31.) First, the ALJ found that Plaintiff met her insured dated through June 30, 2008 and further, that Plaintiff had not engaged in substantial gainful activity since June 7, 2006. (T. 16.) Second, the ALJ found that Plaintiff had the severe impairments of fibromyalgia, major depressive disorder, general anxiety disorder, and panic disorder with agoraphobia. (*Id.*) The ALJ determined that Plaintiff's medically determinable impairments of patent foramen ovale ("PFO"), cervical spondylosis, migraines, Raynaud's syndrome, extrapyramidal disorder, anemia, irritable bowel syndrome ("IBS"), duodenal disorder, restless leg syndrome, and tobacco use were non-severe impairments. (T. 22.) Third, the ALJ found that Plaintiff did not have an impairment that meets or medically equals one of the listed impairments located in 20 C.F.R. Part 404, Subpart P, Appendix. 1. (T. 23.) The ALJ specifically considered listing 12.04 and 12.06. (*Id.*) Fourth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to do "light work[1]" with additional mental limitations. (*Id.*) Specifically, Plaintiff was limited to "low contact work by which is meant tasks not requiring working in coordination or conjunction with others; no tandem working; and no work requiring confrontations with others (such as restraining, detaining or negotiating with others). The work is to deal with objects rather than with people, and is to involve 'low stress' tasks, by which is meant routing daily tasks which do not significantly

---

[1] Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. §§ 404.1567(b) and 416.967(b)

change in pace or location on a daily basis." (T. 24.) Fifth, the ALJ determined that although Plaintiff could not perform her past relevant work, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (T. 29-30.)

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes four separate arguments in support of her motion for judgment on the pleadings. First, Plaintiff argues that remand for payment of benefits is appropriate because the factual findings support a conclusion of disabled. (Dkt. No. 13 at 12-14 [Pl.'s Mem. of Law].) Second, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence. (*Id.* at 14-21.) Third, Plaintiff argues that the ALJ failed to assess all of Plaintiff's severe impairments. (*Id.* at 21-22.) Fourth, and lastly, the Plaintiff argues that the Commissioner failed to sustain her burden at Step Five. (*Id.* at 22-25.)

### B. Defendant's Arguments

In response, Defendant makes essentially two arguments. First, Defendant argues that remand for further proceedings is proper here, where the ALJ failed to fully evaluate all medical opinions in the record. (Dkt. No. 15 at 6-9 [Def.'s Mem. of Law].) Second, Defendant argues that the remand for payment of benefits is not supported by the record. (*Id.* at 9-12.)

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine de novo whether an individual is disabled. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Wagner v.*

*Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In

other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.  Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 404.1520. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## IV. ANALYSIS

### A. Whether Remand for Calculation of Benefits is Appropriate.

After carefully considering the matter, the Court answers this question in the negative, for the reasons stated in Defendant's memorandum of law. (Dkt. No. 15 at 6-9 [Def.'s Mem. of Law].) The Court adds the following analysis.

Plaintiff argues that remand for payment of benefits is appropriate because the ALJ's actual findings, together with vocational expert ("VE") testimony, supports a conclusion of disabled.

The court has the power to affirm, modify, or reverse the decision of the Commissioner upon the pleadings and transcript of the record, "with or without remanding the cause for a rehearing". 42 U.S.C. § 405(g); *Butts v. Barnhart,* 388 F.3d 377, 385 (2d Cir. 2004). Reversal for payment of benefits is appropriate "[w]here the existing record contains persuasive proof of disability and a remand for further proceedings would serve no further purpose". *Martinez v. Barnhart,* 262 F.Supp.2d 40, 49 (W.D.N.Y. 2003) (quoting *Parker v. Harris,* 626 F.2d 225, 235 [2d Cir. 1980]). The Second Circuit held that, "where application of the correct legal principles ... could lead to only one conclusion, there is no need to require agency reconsideration." *Matovic v. Chater,* 1996 WL 11791, at *6 (S.D.N.Y.1996) (quoting *Johnson v. Bowen,* 817 F.2d 983, 986 [2d Cir.1987]). In the case before us, the record does not contain "persuasive proof" that could only lead to the conclusion that Plaintiff is disabled; therefore, remand for calculation of benefits is not appropriate in this case.

Plaintiff asserts that the ALJ provided "greatest weight" to examining psychological consultant, Alan Dubro, Ph.D., and the ALJ's RFC failed to accurately

reflect the limitations he imposed. Plaintiff reasons that had the ALJ properly included those limitations in her RFC analysis, she would have found Plaintiff disabled, because when the hypothetical including those limitations was presented at the hearing, the VE testified that there were no jobs in the national economy which Plaintiff could perform. However, the Plaintiff misinterpreted the ALJ's decision and the weight she assigned to the opinion to Dr. Dubro.

Dr. Dubro opined that Plaintiff could understand directions and instruction, but had moderate difficulties in her abilities to attend, remember and follow directions, and instructions. (T. 560.) He further observed that her attention span and concentration were markedly impaired and she had marked difficulties in: learning new tasks; performing daily tasks independently and on a regular basis; performing complex tasks independently on a regular basis; interacting with others; making day to day decisions; and, regularly attending to a routine and maintain a schedule. (T. 560-61.) He determined that Plaintiff had moderate limitations in understanding, remembering and carrying out simple instructions and moderate limitations on making judgments on simple work related decisions. (T. 563.) She had marked limitations in understanding, remembering and carrying out complex instructions; making judgments on complex work related decisions; interacting appropriately with co-workers, supervisors and the public; responding appropriately to usual work situations and changes in a routine work setting. (T. 563-64.)

In her decision the ALJ concluded that the opinion of Dr. Dubro was entitled to "greater weight," not "greatest weight" as the Plaintiff contends. (T. 29.) To be sure, this language was in poor choice, as the reader is forced to sift through the decision in order

to find what source the ALJ used as a comparison to Dr. Dubro's opinion. In other words, who's opinion is the basis for Dr. Dubro's opinion to be "greater" than. The ALJ assigned "greater weight" to Dr. Dubro's opinion, because she afforded "no weight" to the opinion of Ms. Michele Fletch, LCSW. (*Id.*) The decision reads, "[n]o evidentiary weight is given the assessment of mental limitations by [Ms. Fletcher]. [. . .] The greater evidentiary weight is given to Dr. Dubro's assessments of [Plaintiff's] mental health limitations." (T. 29.) The ALJ's determined that Dr. Dubro's opinion is entitled to "greater weight" can only be clarified when compared to Ms. Fletcher's opinion, which she afforded no weight.

Therefore, Plaintiff's argument that she is entitled to reversal for payment of benefits was based on a misreading of the ALJ's analysis of the weight she afforded to Dr. Dubro. However, for reasons outlined in Points IV. B-D of this Decision and Order, the ALJ's RFC determination is not supported by substantial evidence and should be remanded.

  **B. Whether the ALJ's Determination Is Supported by Substantial Evidence**

After carefully considering the matter, the Court answers this question in the negative, for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 13 at 14-21 [Pl.'s Mem. of Law].) Further, the Court agrees that this matter be remanded for the reasons stated in Defendant's memorandum of law. (Dkt. No 15 at 6-9 [Def.'s Mem. Of Law].) As both parties agree that the ALJ failed to properly assess the medical opinion in evidence, the Court adds only the following analysis.

The ALJ failed to fully evaluate the medical opinions in the record. Specifically, she failed to properly analyze the opinion of Plaintiff's treating physicians, Amr Shady,

9

M.D. and Xiso Fang, M.D. The ALJ failed to properly evaluate the opinion evidence of Plaintiff's treating mental health provider, Ms. Fletcher, LCSW. And the ALJ failed to properly evaluate the opinion of the consultative examiner, Justine Magurno, M.D. and non-examining state agency physician R. Altmansberger, Psychiatry.

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2).

The following factors must be considered by the ALJ when deciding how much weight the opinion should receive, even if the treating source is not given controlling weight: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; and (iv) whether the opinion is from a specialist." 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2). The ALJ is required to set forth his reasons for the weight he assigns to the treating physician's opinion. *Id.* Failure to provide good reasons for failing to credit the opinion of a treating physician constitutes grounds for remand. *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999). Here, the ALJ failed to follow the factors outlined in 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2) in assessing the opinions of Plaintiff's treating physicians and failed to provide "good reasons" for doing so.

The ALJ afforded Plaintiff's treating physician Dr. Shady "little evidentiary weight," she reasoned that Dr. Shady (1) did not treat Plaintiff before June 30, 2010; (2)

his opinion was not supported by clinical or objective medical evidence; and (3) his opinion is only supported by Plaintiff's "self-serving allegations." (T. 29.)

The ALJ's concluded that Dr. Shady's opinion was entitled to "little weight" because he did not treat Plaintiff before June 30, 2010. This analysis is inconsistent. The ALJ provided Dr. Fang's physical assessment of Plaintiff, completed in May of 2012, more weight reasoning "the limitations determined . . . [were] present as far back as 2006" because the record showed no meaningful change in Plaintiff's condition since 2006. (T. 29.) The ALJ's rational is conflicting. It is not clear why this rational would apply in favor of one opinion, but not in the other. Further, the ALJ made the conclusory statement that Dr. Shady's opinion was not supported by clinical and objective medical evidence, without providing such evidence.

Finally, it was improper for the ALJ to discredit Dr. Shady's opinion of Plaintiff's limitations because they may have been based in part on her subjective complaints. The Second Circuit held that a doctor's reliance on subjective complaints does not undermine his opinion of the plaintiff's functional limitations. *see Green-Younger v. Barnhart*, 335 F.3d 99 (2nd Cir. 2003).

The ALJ failed to properly evaluate Plaintiff's treating pain specialist, Dr. Fang. The ALJ stated that her physical RFC was the results of Dr. Fang and Dr. Khan's medical opinions "interpreted together." (T. 29.) It is not clear from the ALJ's physical RFC, limiting Plaintiff to light work, or her decision precisely which aspects of Dr. Fang's or Dr. Khan's opinion she relied on and why. The ALJ's reasoning for her assessment of Dr. Fang's and Dr. Khan's opinion must be clarified on remand. It is worth noting that Dr. Fang opined that Plaintiff was essentially capable of performing less than sedentary

work[2], required a sit/stand at will option, and would have a substantial number of absences from work. (T. 628-630.) However, Dr. Khan opined that Plaintiff had no limitations to sitting, standing or walking. (T. 573.) He stated that she could lift and carry objects up to 50 pounds and had only mild limitations to bending and twisting. (*Id.*) Dr. Khan's opinion is more in line with the demands of medium work.[3] The ALJ provided no further assessment of Dr. Fang or Dr. Khan's opinions. The extent to which she relied on their opinions is unclear. The ALJ interpreted the opinion that Plaintiff could perform less than sedentary work together with the opinion that Plaintiff could perform medium work and determined that Plaintiff could perform light work. The weight afforded to the opinions of Dr. Fang and Dr. Khan, together with a complete analysis of the weight provided, must be provided on remand.

Overall, the extent to which the ALJ relied on the medical opinions in the record is unclear and must be comprehensively assessed on remand in accordance with the Regulations. Specifically the opinions of Dr. Shady and Dr. Fang should be evaluated using the proper factors outlined in 20 C.F.R. §§ 404.1527(c)(2) and 416.927(c)(2).

On remand the ALJ must also properly evaluate the opinion of Michele Fletch, LCSW. The ALJ must consider every medical opinion of record. 20 C.F.R. §§ 404.1527(c) and 416.927(c). Acceptable medical sources are licensed physicians, psychologist, optometrists, podiatrists and qualified speech language pathologists. 20

---

[2] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§404.1567(a) and 416.967(a)

[3] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.20 C.F.R. §§ 404.1567(c) and 416.967(c)

C.F.R. §§ 404.1513(a)(1)-(5) and 416.913(a)(1)-(5). Licensed Clinical Social Workers ("LCSW"), however, are "other sources" whose opinions may be considered with respect to the severity of the claimant's impairment and ability to work, but cannot establish a medically determinable impairment. 20 C.F.R. §§ 404.1513(d) and 416.913(d).

An ALJ cannot discredit the opinion of an "other source" solely because it is an "other source." *See Kelly v. Astrue*, 09-CV-1359, 2011 WL 817507, at *6 (N.D.N.Y. Jan., 18, 2011) (holding that the ALJ was not free to simply disregard a licensed clinical social worker's assessment on the basis that he was not an acceptable medical source alone). Here, as in *Kelly*, the ALJ disregards the opinion of Ms. Fletcher, LCSW because she was "not a recognized medical source." (T. 29.) To be sure, the ALJ also stated that Ms. Fletcher's opinion was "not supported by her counseling notes" because they "do not address mental health issues, just family and social stressors." Ms. Fletcher's notations, while primarily addressing specific family and social stressors, provide insight into Plaintiff's ability to relate to others, deal with the public, cope with stress, and other important mental functions that may or may not have an impact on her ability to perform work related functions. Therefore, the ALJ did not properly evaluate the opinion evidence of Ms. Fletcher and must do so on remand.

The treatment of the opinion evidence of Dr. Dubro and Dr. Altmansberger needs to be clarified on remand. The ALJ stated in her decision that she afforded "greater weight" to Dr. Dubro, in part because it was supported by the opinion of Dr. Altmansberger (T. 29.); however, she also stated that she only provided Dr. Altmansberger's opinion "some weight" and disagreed with some of his functional

13

limitations. The ALJ's imposed mental limitation in her RFC analysis do not fully encompass the restrictions placed on Plaintiff by these medical sources. The matter is further complicated by the ALJ's lack of clear analysis as to the weight she provided these sources and her reasoning for doing so.

For these reasons the Court finds that the ALJ's decision is not supported by substantial evidence and the matter is remanded for a proper evaluation of the medical source opinions in the record.

### C. Whether the ALJ Failed to Properly Assessed Plaintiff's Severe Impairments

After carefully considering the matter, the Court answers this question in the negative. This matter is not specifically addressed in Defendant's memorandum of law, the Court provides the following analysis.

Plaintiff argued that the ALJ erred in her determination at step two that her migraines and back impairment were non-severe impairments. The Defendant correctly noted that Plaintiff did not dispute the ALJ's finding that her Raynaud's syndrome, extrapyramidal disorder, anemia, IBS, duodenal disorder, restless leg syndrome and tobacco use were non-severe impairments; however, the Defendant's brief does not address the treatment of her migraines or back impairment. (Dkt. No. 15 at 5 n.2 [Def.'s Mem. of Law].)

According to Social Security Regulations, "[a]n impairment or combination of impairments is not severe if it does not significantly limit a [claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) and 416.921(a). The standard for a finding of severity under the second step of the sequential analysis has been found to be *de minimis*, and is intended only to screen out the truly weakest of

cases. *Davis v. Colvin*, No. 11-CV-0658, 2013 WL 1183000, at *8 (N.D.N.Y. Feb. 27, 2013) (citing *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir.1995). At Step Two, the claimant bears the burden to provide medical evidence demonstrating the severity of her condition. *See* 20 C.F.R. §§ 404.1512(a) and 416.912(a); *Bowen*, 482 U.S. at 146.

Here, the ALJ found that Plaintiff's fibromyalgia, major depression, generalized anxiety disorder and panic disorder with agoraphobia were severe impairments, but that her migraines, cervical spondylosis, Raynaud's syndrome, extrapyramidal disorder, anemia, IBS, duodenal disorder, restless leg syndrome and tobacco use were not severe impairments. (T. 16, 22.)

Nonetheless, where, as here, "an ALJ has omitted an impairment from step two of the sequential analysis, other courts have declined to remand if the ALJ clearly considered the effects of the impairment in the remainder of his analysis." *Chavis v. Astrue*, No. 07-CV-0018, 2010 WL 624039, at *12 (N.D.N.Y. Feb. 18, 2010). *See also* 20 C.F.R. §§ 404.1523 and 416.923 (ALJ required to consider the "combined effect of all of [plaintiff's] impairments without regard to whether any such impairment, if considered separately would be of sufficient severity"). Here, the ALJ did not deny benefits based on the lack of a severe impairment. Accordingly, the ALJ's failure to find Plaintiff's back impairment and migraines severe at step two of the sequential analysis is harmless error. *See Ellis v. Comm'r of Soc. Sec.*, No. 11-CV-2305, 2012 WL 5464632, at *5 (N.D.N.Y. Sept. 7, 2012). Therefore, remand is not necessary on this basis.

**D. Whether the ALJ Properly Concluded at Step Five That There Were Jobs in the National Economy Which Plaintiff Could Perform**

After carefully considering the matter, the Court answers this question in the negative, generally for the reasons stated in Plaintiff's memorandum of law. (Dkt. No. 13, at 22-25 [Pl.'s Mem. of Law].) The Court adds the following analysis.

As explained in Parts IV.A. and C. of this Decision and Order, the ALJ's RFC determination is not supported by substantial evidence. Accordingly, the ALJ's determinations at step five of the sequential analysis is not based on substantial evidence because it was made in reliance on the opinion of a vocational expert, who rendered his opinion based on a hypothetical that is not supported by substantial evidence. Therefore, remand is necessary on this basis.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings seeking remand (Dkt. No. 13) is **GRANTED** ; and it is further

**ORDERED** that this matter is **REMANDED** to Defendant, pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: May 13, 2015
Syracuse, NY

Glenn T. Suddaby
U.S. District Judge